**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <u>ex rel.</u> DIMITRI YANNACOPOULOS, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 03 C 3012 |
| v. | ) ) | Magistrate Judge Morton Denlow |
| GENERAL DYNAMICS and LOCKHEED MARTIN CORPORATION, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff-Relator Dimitri Yannacopolous ("Yannacopolous" or "Relator") brings this *qui tam* action on behalf of the United States of America ("the government") against Defendants Lockheed Martin Corporation ("Lockheed") and General Dynamics ("Dynamics") (collectively "Defendants") alleging violations of the False Claims Act, 31 U.S.C. §3729 *et seq*. Relator's Second Amended Complaint alleges that Defendants submitted false claims to the government in connection with the sale of F-16 aircraft to the government of Greece. Lockheed now brings a motion to compel the production of unredacted copies of the disclosure statements Relator provided to the government pursuant to 31 U.S.C. §3730(b)(2). Relator has produced redacted copies of the disclosure statements to Lockheed. Relator seeks to withhold the redacted portion as attorney opinion work product.

An oral argument was held on August 31, 2005, at which time it was clarified that the

issue in dispute is the parameters of the work product doctrine. Specifically, Relator and Lockheed disagree as to what constitutes "opinion" work product. Both parties do concur, however, that the portions of the disclosure statements that constitute opinion work product are not discoverable. This Court conducted an *in camera* review of the redacted and unredacted copies of the disclosure statements to determine what parts, if any, are opinion work product. This opinion sets forth the Court's findings regarding what constitutes opinion work product in the disclosure statements, and discusses the principles and reasoning the Court applied in its rulings.

## I. BACKGROUND FACTS

In response to Dynamics' First Request for the Production of Documents, Relator produced documents on July 15, 2004, and Lockheed received copies of these documents on August 2, 2004. Two copies of the disclosure statement Relator provided to the government pursuant to 31 U.S.C. §3730(b)(2) were included in this production. Lockheed then sent a letter to Relator requesting a more legible copy of the disclosure statement as well as copies of the supporting documents referenced therein. Shortly thereafter, Relator sent a reply letter to Lockheed stating that the disclosure statement had been inadvertently produced. Relator also asserted that the disclosure statement was protected by the attorney-client, work product, and/or joint prosecution privileges and requested that Lockheed return all copies of the disclosure statement it possessed. Lockheed then returned the disclosure statement and confirmed the destruction of any copies. Lockheed also retained its right to challenge Relator's privilege assertion.

Lockheed filed its First Request for the Production of Documents on December 10, 2004. In its request, Lockheed requested the production of all documents produced or disclosed to the government including any disclosures made pursuant to 31 U.S.C. § 3730(b)(2). Relator had provided the government with three such disclosure statements. In his response, Relator refused to produce the disclosure statements to Defendants on the grounds that they were protected by the attorney-client, work product, and/or joint prosecution privileges. Relator produced redacted copies of the three disclosure statements on May 26, 2005. Relator redacted what he considered opinion work product. Relator also produced in unredacted form all of the exhibits referenced in the disclosure statements. On July 28, 2005, Lockheed requested that Relator produce the disclosure statements in their entirety. Relator again declined to produce unredacted copies of the disclosure statements stating that the redactions were necessary to protect privileged opinion work product. Relator then produced redacted and unredacted copies of the disclosure statements to this Court for an *in camera* review.

## II. LEGAL STANDARDS

**A.     False Claims Act**

Congress amended the federal False Claims Act ("FCA") in 1986 to encourage private enforcement suits. *United States ex rel. Stone v. Rockwell Int'l. Corp.,* 144 F.R.D. 396, 398 (D. Colo. 1992); *see also* S. REP. 99-345, at 2 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5266, 5266-5267 ("The proposed legislation seeks not only to provide the Government's law enforcers with more effective tools, but to encourage any individual knowing of Government

fraud to bring that information forward."). The FCA prohibits the knowing presentation of a false or fraudulent claim for payment or approval to an officer or employee of the government. 31 U.S.C. § 3729(a). A private person, the relator, may bring a civil action for a violation of the FCA for the person and the government. 31 U.S.C. § 3730(b)(1). Such an action, known as a *qui tam* action, must be brought in the name of the government. *Id.* Therefore, the relator must serve upon the government a copy of the complaint and a written disclosure, the disclosure statement, of substantially all material evidence and information in his possession. 31 U.S.C. § 3730(b)(2).

The purpose of the disclosure statement is to provide the government with enough information on the alleged fraud so it can make an informed decision on whether to participate in the action or allow the relator to proceed on his own. *United States ex rel. Bagley v. TRW Inc.,* 212 F.R.D. 554, 555 (C.D. Cal. 2003). After the government receives both the complaint and the disclosure statement, it has sixty days to intervene and proceed with the action. 31 U.S.C. § 3730(b)(2). If the government elects to proceed with the suit, the relator may continue as a party to the action, but the government has the primary responsibility of prosecuting the case. 31 U.S.C. § 3730(c). Should the government decline to take over the suit, the relator has the right to conduct the action on the government's behalf. 31 U.S.C. § 3730(b)(4)(B).

**B.     False Claims Act Is Silent on the Discoverability of the Disclosure Statement**

The FCA does not address whether the disclosure statement provided to the government is discoverable. *United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 918 F. Supp. 1338, 1345 (E.D. Mo. 1996); s*ee also United States ex rel. Burns v. A.D. Roe Co.,*

4

*Inc.*, 904 F. Supp. 592, 593 (W.D. Ky. 1995) (stating that nothing in the FCA requires or suggests that the disclosure statement is privileged). Furthermore, no construction or interpretation of the language in § 3730(b) could create a privilege for the disclosure statement nor mandate that the statement is not privileged. *See O'Keefe*, 918 F. Supp. at 1345. The statute is simply silent on this issue. *Id.* Therefore, the Court will follow the applicable Federal Rules of Civil Procedure relating to discovery. *Id.* at 1346.

C.     **Work Product Doctrine**

The work product doctrine, announced in *Hickman v. Taylor*, 329 U.S. 495 (1947), has been applied to protect otherwise discoverable documents and tangibles, including an attorney's thoughts and mental impressions, made in anticipation of litigation. *Caremark, Inc. v. Affiliated Computer Services, Inc.*, 195 F.R.D. 610, 612 (N.D. Ill. 2000). The work product doctrine has been codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure and it provides, in relevant part:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative ... only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of the materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

FED. R. CIV. P. 26(b)(3).

Rule 26(b)(3) distinguishes between "ordinary" work product (also referred to as

5

"fact" work product) and "opinion" work product. Fact work product consists of factual material and opinion work product comprises the mental impressions, conclusions, opinions, or legal theories of an attorney or a party's representative. *Bagley*, 212 F.R.D. at 559. Both are generally protected and can be discovered only in limited circumstances. *In re Grand Jury Proceedings,* 33 F.3d 342, 348 (4th Cir. 1994). Ordinary work product is discoverable when the party seeking production demonstrates both a substantial need for the materials and that it would suffer undue hardship in obtaining the requested information some other way. *Logan v. Commercial Union Insurance Co.,* 96 F.3d 971, 976 (7th Cir. 1996).

Opinion work product is even more scrupulously protected because it represents the actual thoughts and impressions of the attorney. *Grand Jury Proceedings,* 33 F.3d at 348. The Supreme Court has declined to rule whether this immunity is absolute, and, if not, the showing required to overcome a presumption of protection. *Upjohn Co. v. United States,* 449 U.S. 383, 401 (1981). The Court did note that opinion work product "cannot be disclosed simply on a showing of substantial need and inability to obtain the equivalent without undue hardship ... a far stronger showing of necessity and unavailability by other means would be necessary to compel disclosure." *Upjohn*, 449 U.S. at 401-402. While other circuits have addressed this issue, the Seventh Circuit has not. *See Logan*, 96 F.3d at 976, n4. Some circuits have held that opinion work product should be afforded near absolute immunity and can only be discovered in rare circumstances. *Grand Jury Proceedings*, 33 F.3d. at 348; *see also In re Cendant Corp. Securities Litigation*, 343 F.3d 658, at 664 (3d Cir. 2003) (stating that "opinion work product protection is not absolute, but requires a heightened showing of

extraordinary circumstances."); *Williamson v. Moore*, 221 F.3d 1177, 1182-1183 (11th Cir. 2000) (holding that "[w]hile opinion work product enjoys almost absolute immunity, extraordinary circumstances may exist that justify a departure from this protection."). By contrast, at least one district court has held that opinion work product is absolutely privileged. *See Vardon Golf Co. v. BBMG Golf Ltd.*, 156 F.R.D. 641, 646 (N.D. Ill. 1994); *Abbott Laboratories v. Alpha Therapeutic Corp.*, 200 F.R.D. 401, 409 (N.D. Ill. 2001). Clearly, immunity from discovery for opinion work product is absolute or nearly absolute. *Caremark*, 195 at 616. Nonetheless, the parties in this case have agreed that those portions of the disclosure statements that are found to constitute opinion work product are not discoverable.

D.  **Review of Previous Decisions on the Scope of the Work Product Doctrine as Applied to Disclosure Statements Made Pursuant to the False Claims Act**

Courts that have addressed the issue of how the work product doctrine applies to disclosure statements have come to at least four different conclusions: (1) the disclosure statement should be produced in its entirety; (2) the disclosure statement is not discoverable because the whole statement is opinion work product; (3) the disclosure statement is not discoverable because the defendant cannot demonstrate substantial need and undue hardship; and (4) the disclosure statement should be produced with the opinion work product withheld. The parties agree that the fourth standard controls the outcome of this dispute.

Some courts have found that the whole disclosure statement should be produced. *E.g., Burns*, 904 F. Supp. at 594. These courts interpret the statutory requirement that the relator

disclose to the government substantially all material evidence and information he or she possesses as indicative of the fact that the disclosure statement should contain only facts and evidence, not the mental impressions, conclusions, opinions, or legal theories of the relator's attorney. *See Id.* (stating that the disclosure statement is "simply a recitation of factual information" and is thus discoverable). In *United States ex rel. Robinson v. Northrop Corp.*, 824 F. Supp. 830, 838 (N.D. Ill. 1993), the court stated that the disclosure obligation under § 3730(b)(2) "requires only a statement of facts" and the disclosure statement "should not contain opinions of an attorney." The court held that the disclosure statement should be fully produced. *Id.* at 839. The court noted, however, that while other courts have ordered the redaction of attorneys' opinions and analysis, the plaintiffs in *Robinson* never asked the court to perform such an act. *Id.*; *see also O'Keefe*, 918 F. Supp. at 1346 (holding that the disclosure statement was discoverable because it was ordinary work product, the defendant demonstrated substantial need and undue hardship, and the relator never provided the court with the disclosure statement for an *in camera* review and thus the court could not determine if there was any opinion work product).

Other courts have ruled that the disclosure statement is not discoverable in any form. At least one court held that the whole disclosure statement is opinion work product and thus protected from discovery. *Bagley*, 212 F.R.D. at 564. The *Bagley* court noted that the statutory requirement that "relators disclose 'substantially all material evidence and information' does not mean that disclosure statements are 'kitchen sink' documents that indiscriminately catalogue the universe of facts known to the relator (and which therefore

8

could not possibly reveal opinions, theories, or mental impressions)." *Id.* Instead, the court found that the entire disclosure statement (excluding pre-existing documents attached as exhibits thereto) was opinion work product because the relator and his or her counsel "must engage in a process of selecting and winnowing from the totality of information known to the relator only those facts and evidence that are material to the relator's legal claims." *Id.* The *Bagley* court also addressed policy considerations in reaching its decision and found that classifying disclosure statements as opinion work product furthers the purposes of § 3730(b)(2). *Id.* at 565. The court stated that where the line should be drawn between opinion and ordinary work product is sometimes debatable. *Id.* Therefore, because ordinary work product is potentially discoverable whereas opinion work product enjoys nearly absolute protection, relators will be uncertain when preparing their disclosure statements whether all or portions of the statements may be disclosed to the defendant in the future. *Id.* Relators may then prepare statements "containing the bare minimum necessary to encourage intervention and avoid dismissal, and certainly no analysis, synthesis, commentary, opinions, discussions of legal authorities or the like." *Id.* However, classifying disclosure statements as opinion work product, the court stated, "encourages relators to include everything that might help the government in evaluating the case, secure in the knowledge that whatever is written will not be seen by the defendant" and thus advancing the objectives of § 3730(b)(2). *Id.*

Without reaching a decision on whether the statement is opinion work product, some courts have held that the disclosure statement is not discoverable because the defendant did

9

not demonstrate the substantial need and undue hardship required to overcome the privilege of ordinary work product. *United States v. Medica-Rents Co.*, 2002 WL 1483085, at *2 (N.D. Tex. June 21, 2002) (concluding that defendants could not establish substantial need and that the information contained in the documents could have been readily obtained through other means); *see also United States ex rel. Hunt v. Merck-Medco Managed Care, LLC*, 2004 WL 868271, at *3 (E.D. Pa. Apr. 21, 2004) (concluding that defendants could not establish substantial need and undue hardship, the court would not conduct an *in camera* review, and the disclosure statements were not discoverable).

Many courts that have considered the issue have concluded that the disclosure statement should be produced, after an *in camera* review by the court, with all opinion work product redacted. In *United States ex rel. Cericola v. Ben Franklin Bank*, 2003 WL 22071484, at *2 (N.D. Ill. Sept. 4, 2003), the court noted that ordinary work product is discoverable if the defendant can establish substantial need and undue hardship but opinion work product is not discoverable. Therefore, the court held that "the more prudent means of determining if the disclosure statement, in whole or in part, is discoverable is by reviewing the disputed document *in camera* to determine what materials may be discoverable as ordinary work product as followed by the majority of courts that have addressed this issue." *Id.* at *3; *see also United States ex rel. King v. Moran*, No. 00 C 3877 (N.D. Ill. May 8, 2001) (ordering the relator to produce the disclosure statement to the court for an *in camera* review and redactions of work product or opinions of counsel by the court); *Stone*, 144 F.R.D. at 401-402 (finding after an *in camera* review that the disclosure statement contained no

10

opinion work product but stated it would allow plaintiff's counsel to submit what they thought constituted opinion work product and the court would consider the propriety of any suggested redactions); *Grand ex rel. United States v. Northrop Corp.*, 811 F. Supp. 333, 337 (S.D. Ohio 1992) (concluding that the disclosure statement should be produced after an *in camera* review and the redaction of the opinions and analysis of the relator's counsel by the court).

### III.  DISCUSSION

**A.     The Standard Applied by This Court in Its *In Camera* Review**

Regarding the disclosure statements in the instant case, this Court finds that the ordinary work product is discoverable and the opinion work product is not discoverable. Furthermore, since Relator already redacted what he considered opinion work product and produced what he deemed ordinary work product, this Court's *in camera* review focused on the redacted portions to determine if they did indeed constitute opinion work product.

**B.     Rulings on Specific Categories of the Disclosure Statements**

There are three disclosure statements at issue in this case: (1) Summary of False Claims, and Disclosure of Illegal Conduct ("Summary"); (2) Disclosure Report to the United States Department of Justice Pursuant to 31 U.S.C. § 3730(b)(2) ("Disclosure Report"); and (3) Corrected Annotated Chronology ("Chronology").  The Court makes the following rulings on the various categories within the disclosure statements:

**1. Summaries, Introductions, and Conclusions.** In his "Summary," "Introduction," and "Conclusion" sections of the statements, Relator summarized his claims and the evidence that supports such claims.  Relator redacted much of this summarizing text.  Besides the

labeled sections, summaries were also included in the narrative of each statement without such labels.

In a summary, an attorney is setting forth his conclusions about the alleged claims of the case and the evidence that he believes buttresses those claims. In *Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985), the court stated that opinion work product "includes such items as an attorney's legal strategy, his intended lines of proof, his evaluation of the strengths and weaknesses of his case, and the inferences he draws from interviews of witnesses." Thus, the court concluded that the "selection and compilation of documents by counsel in this case in preparation for pretrial discovery falls within the highly-protected category of opinion work product." *Id.* In this case, Relator summarized his claims and the evidence that would bolster those claims. Relator's conclusions and theories are included in these summaries. Therefore, the summaries, introductions, and conclusions contained in the documents are protected opinion work product.

**2. Tables of Contents and Section Headings.** Throughout the narratives of all three disclosure statements, Relator uses several headings to organize the text. These headings are bolded and underlined. Both the Disclosure Report and the Chronology also include Tables of Contents and these section headings appear in the Tables of Contents of those statements as well. Relator redacted many of the headings from the text and the Tables of Contents. The redacted headings are often titles of Relator's conclusions, opinions, and theories that Relator elaborates on in those sections of the narrative. These headings amount to opinion work product and are thus protected.

Some of the redacted headings, however, do not contain or disclose Relator's mental impressions or theories and are merely descriptive headings. Moreover, there is at least one instance where the heading is redacted in the Table of Contents but not redacted later in the narrative where that heading's discussion takes place. For example, "Description of the False Claims" is not a heading that contains Relator's mental processes but it is redacted from the Table of Contents of the Disclosure Report. The same heading then appears unredacted in the text at page 7. Such descriptive headings do not constitute opinion work product and should be produced.

**3. Witness Lists.** Witness lists are included at the end of both the Disclosure Report and Chronology. The lists contain the names and job titles of potential witnesses. In addition, Relator included commentary following the job titles of some witnesses. Relator redacted some of this additional commentary. The redacted commentary provides Relator's conclusions and theories regarding that witness' role in the alleged false claims. Therefore, the text Relator redacted from the witness lists constitutes opinion work product and is protected.

**4. Complaint, Correspondence with the Government, and Jury Demand**. At the end of the Disclosure Report are a copy of the original, § 3730(b)(2)-required complaint, a jury demand, and a corresponding letter to the Attorney General of the United States. Relator redacted these pages. Pursuant to § 3730(b)(2), a copy of the complaint must be served upon the government, it is filed *in camera*, it must remain under seal for at least 60 days, and it should not be served on the defendant until the court so orders. 31 U.S.C. § 3730(b)(2).

Since the complaint is no longer under seal, it has already been served upon Defendants, and it contains not much more than the statutory cause of action and Relator's name, the complaint is not opinion work product and should be produced. Next, Relator's letter to the Attorney General sets forth only general information, not the opinions or conclusions of Relator's counsel. Therefore, the letter is discoverable because it is not opinion work product. Finally, the jury demand has already been filed and it contains no mental impressions, opinions, or conclusions. It is not opinion work product and should be produced.

**5. Narrative.** In all three disclosure statements, Relator provides a lengthy narrative that gives the background of this lawsuit. Much of the narrative is factual. However, parts of the narrative include the mental impressions, conclusions, opinions, or legal theories of Relator or his attorney. Relator redacted what he considered opinion work product. After a detailed review of each redaction, this Court concludes that almost all of the redacted text constitutes opinion work product.

The *Sporck* court stated that opinion work product includes an attorney's legal strategy, his intended lines of proof, his evaluation of the strengths and weaknesses of the case, and the inferences he draws from the evidence. *See Sporck*, 759 F.2d at 316. Therefore, that court found that counsel's selection and compilation of documents in preparation for pretrial discovery amounted to opinion work product. *Id.* In the redacted text in this case, Relator draws inferences from the evidence, analyzes and summarizes the facts, gives theories and opinions, and generally sets forth his mental impressions of the facts and the case.

The court in *Bagley* found that the entire disclosure statements in that case, even the purely factual portions of the narratives, were opinion work product. The *Bagley* court reached its holding because it concluded that the relator and his counsel must select and distill from all of the information those facts and evidence that are material to relator's claims and this selection and distillation constituted opinion work product. *See Bagley*, 212 F.R.D. at 564. In the instant case, this Court does not go as far in its ruling. This Court finds that the purely factual portions of the narrative are not opinion work product. The parts of the

15

narrative where Relator makes conclusions, expresses his opinions and legal theories, and draws inferences from the facts, however, do constitute opinion work product.

Furthermore, in *United States ex rel. Burroughs v. DeNardi Corp.*, 167 F.R.D. 680, 684 (S.D. Cal. 1996), the plaintiff argued that his disclosure statement was opinion work product because it revealed "the facts and evidence his attorneys felt were important to prove his claims ... [and] the organization and characterization of the facts and evidence presented reveal[ed] the attorneys' assessment of the strength of such facts and evidence." Though the court did not rule on the opinion work product issue because the statement was not provided to the court for an *in camera* review, to plaintiff's argument the court responded, "[w]ithout more, it would be difficult for the court to see how the documents could be characterized as anything other than 'opinion-work product,' specifically protected from disclosure to opposing counsel, because the disclosure would potentially reveal plaintiff's counsel's mental impressions, opinions and theories about the case." *Id.*

This Court finds that the redacted portions of the narrative, with some exceptions, are protected opinion work product.

**6. Non-Opinion Work Product to be Produced.** After reviewing the three disclosure statements *in camera*, this Court finds the following to not constitute opinion work product and therefore must be produced:

**a. Summary.** The bottom five lines of p. 13 and top line of p. 14, but not footnote 40; the two redacted sentences on p. 20.

**b. Disclosure Report.** Roman numeral IV on p. i, but not the redacted subheadings; footnote 15 on p. 7; footnote 31 on p. 13; the letter to the United States Attorney General; the complaint; and the jury demand.

**c. Chronology.** The text six lines from the bottom on p. 49.

## IV. CONCLUSION

The three disclosure statements discussed in this opinion were Relator's avenue for presenting his case to the government. In the statements, Relator went into great detail assembling the facts and setting forth the background of the case. Relator's mental impressions, conclusions, opinions, and legal theories about the case, the opinion work product, were included in parts of the statements. Relator carefully redacted much of the opinion work product. Thus, for the reasons set forth in this opinion, **Lockheed's motion to compel production of documents is granted in part and denied in part.**

**SO ORDERED THIS 7TH DAY OF October, 2005.**

*Morton Denlow*
_____
**MORTON DENLOW**
**UNITED STATES MAGISTRATE JUDGE**

**Copies mailed to:**

| | |
|---|---|
| Judson H. Miner<br>Jeffrey I. Cummings<br>MINER, BARNHILL & GALLAND<br>14 West Erie Street<br>Chicago, IL  60610 | Joshua T. Buchman<br>Peter M. Schutzel<br>McDERMOTT, WILL & EMERY<br>227 West Monroe<br>Chicago, IL  60606 |
| Thomas R. Meites<br>Shona B. Glink<br>Jamie S. Franklin<br>MEITES, MULDER, BURGER & MOLLICA<br>208 South LaSalle Street, Suite 1410<br>Chicago, IL 60604<br><br>Counsel for Plaintiff | Counsel for Defendant Lockheed Martin Corporation<br><br>Linda L. Listrom<br>Susan C. Levy<br>Christopher D. Liguori<br>Daniel J. Winters<br>JENNER & BLOCK LLP<br>One IBM Plaza<br>Chicago, IL 60611-7603<br><br>Counsel for Defendant General Dynamics Corporation |