# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. DIMITRI YANNACOPOULOS, | ) ) ) ) |
| Plaintiff, | ) ) Case No. 03 C 3012 |
| v. | ) ) Magistrate Judge Morton Denlow ) |
| GENERAL DYNAMICS and LOCKHEED MARTIN CORPORATION, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff-Relator Dimitri Yannacopolous ("Yannacopolous" or "Relator") brings this *qui tam* action on behalf of the United States of America ("the government") against Defendants Lockheed Martin Corporation ("Lockheed") and General Dynamics ("Dynamics") (collectively "Defendants") alleging violations of the False Claims Act, 31 U.S.C. §3729 *et seq*. Relator's Second Amended Complaint alleges that Defendants submitted false claims to the government in connection with the sale of F-16 aircraft to the government of Greece.

Lockheed now brings a motion to compel the production of any and all written disclosures served upon the government pursuant to 31 U.S.C. § 3730(b)(2) ("§ 3730(b)(2)") that refer or relate to Relator's allegations regarding Internal Electronic Countermeasures ("IECM") Integration and/or Reverse False Claims. Relator claims that the documents at issue were not served upon the government pursuant to § 3730(b)(2), but instead were

provided to the government as privileged communications. Relator prepared a privilege log and this Court conducted an *in camera* review of the documents. An oral argument was held on May 17, 2006. This opinion sets forth the Court's findings regarding the documents, and discusses the principles and reasoning the Court applied in its rulings.

## I. BACKGROUND

### A. LOCKHEED'S PREVIOUS MOTION TO COMPEL

On October 7, 2005, this Court issued a Memorandum Opinion and Order ("10/7/05 Opinion") ruling on a motion to compel filed by Lockheed. *See United States ex rel. Yannacopoulos v. General Dynamics*, 231 F.R.D. 378 (N.D. Ill. 2005). At issue in that motion were three disclosure statements Relator had served on the government pursuant to § 3730(b)(2). *Id.* at 380-81. Relator had produced the three disclosure statements to Lockheed, but Relator redacted what he considered opinion work product. *Id.* Relator also produced in unredacted form all of the exhibits referenced in the disclosure statements. *Id.* at 381.

Lockheed moved to compel Relator to produce unredacted copies of the three disclosure statements. *Id.* at 380. The attorney work product doctrine controlled the resolution of the dispute, and the parties agreed that ordinary work product should be produced and opinion work product redacted. *See id.* at 382. Thus, Relator provided the Court with both redacted and unredacted copies of the disclosure statements so the Court could determine if the portions redacted by Relator constituted opinion work product. *Id.* at 381, 384. After an *in camera* review, the Court found that most of Relator's redactions did

indeed constitute opinion work product. and the Court set forth its findings regarding what should be produced in its 10/7/05 Opinion.

**B.     DOCUMENTS AT ISSUE IN THIS MOTION TO COMPEL**

On January 26, 2006, in conjunction with Lockheed's First Set of Requests to Admit and Lockheed's Fourth Set of Interrogatories, Lockheed served its Second Request for the Production of Documents on Relator. Lockheed requested any and all written disclosures of evidence and information underlying Relator's claims against Lockheed related to IECM Integration and Reverse False Claims that Relator had served on the government pursuant to § 3730(b)(2). In Lockheed's First Set of Requests to Admit, Lockheed requested an admission from Relator that prior to, at the time of, or after the filing of the First or Second Amended Complaint, no "written disclosure of substantially all material evidence and information Relator possessed underlying Relator's claims against Lockheed" related to IECM Integration and Reverse False Claims was ever served on the government. Lockheed Mot. at 2.

Relator denied this request to admit. *Id.* In support of his denial, Relator stated that in addition to the three disclosure statements the Court addressed in its 10/7/05 Opinion, beginning in or around July 1999 and prior to the filing of the Second Amended Complaint, Relator and his attorneys submitted to the government a number of letters and memoranda, though not titled "disclosure statements," which identified Relator's legal theories and referenced or disclosed the evidence and information that Relator possessed at the time underlying his claims against Lockheed related to IECM Integration and Reverse False

3

Claims. *Id.* at 3. Lockheed and Relator exchanged more correspondence about Relator's written communications with the government, and Relator refused to produce the documents claiming they are privileged and different from the three disclosure statements at issue in the 10/7/05 Opinion. There are fifteen documents at issue, which Relator provided to the Court for an *in camera* review.

## II. LEGAL STANDARDS

### A. FALSE CLAIMS ACT

Congress amended the federal False Claims Act ("FCA") in 1986 to encourage private enforcement suits. *United States ex rel. Stone v. Rockwell Int'l. Corp.,* 144 F.R.D. 396, 398 (D. Colo. 1992); *see also* S. REP. 99-345, at 2 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5266, 5266-5267 ("The proposed legislation seeks not only to provide the Government's law enforcers with more effective tools, but to encourage any individual knowing of Government fraud to bring that information forward."). The FCA prohibits the knowing presentation of a false or fraudulent claim for payment or approval to an officer or employee of the government. 31 U.S.C. § 3729(a). A private person, the relator, may bring a civil action for a violation of the FCA for the person and the government. 31 U.S.C. § 3730(b)(1). Such an action, known as a *qui tam* action, must be brought in the name of the government. *Id.* Therefore, the relator must serve upon the government a copy of the complaint and a written disclosure, the disclosure statement, of substantially all material evidence and information in his possession. 31 U.S.C. § 3730(b)(2).

The purpose of the disclosure statement is to provide the government with enough information on the alleged fraud so it can make an informed decision on whether to

participate in the action or allow the relator to proceed on his own. *United States ex rel. Bagley v. TRW Inc.,* 212 F.R.D. 554, 555 (C.D. Cal. 2003). After the government receives both the complaint and the disclosure statement, it has sixty days to intervene and proceed with the action. 31 U.S.C. § 3730(b)(2). If the government elects to proceed with the suit, the relator may continue as a party to the action, but the government has the primary responsibility of prosecuting the case. 31 U.S.C. § 3730(c). Should the government decline to take over the suit, the relator has the right to conduct the action on the government's behalf. 31 U.S.C. § 3730(b)(4)(B).

**B.    WORK PRODUCT DOCTRINE**

The work product doctrine, announced in *Hickman v. Taylor*, 329 U.S. 495 (1947), has been applied to protect otherwise discoverable documents and tangibles, including an attorney's thoughts and mental impressions, made in anticipation of litigation. *Caremark, Inc. v. Affiliated Computer Services, Inc*., 195 F.R.D. 610, 612 (N.D. Ill. 2000). The work product doctrine has been codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure and it provides, in relevant part:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative ... only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of the materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

FED. R. CIV. P. 26(b)(3).

Rule 26(b)(3) distinguishes between "ordinary" work product (also referred to as "fact" work product) and "opinion" work product. Fact work product consists of factual material and opinion work product comprises the mental impressions, conclusions, opinions, or legal theories of an attorney or a party's representative. *Bagley*, 212 F.R.D. at 559. Both are generally protected and can be discovered only in limited circumstances. *In re Grand Jury Proceedings,* 33 F.3d 342, 348 (4th Cir. 1994). Ordinary work product is discoverable when "the party seeking production demonstrates both a substantial need for the materials and that it would suffer undue hardship in procuring the requested information some other way." *Logan v. Commercial Union Insurance Co.*, 96 F.3d 971, 976 (7th Cir. 1996).

Opinion work product is even more scrupulously protected because it represents the actual thoughts and impressions of the attorney. *Grand Jury Proceedings*, 33 F.3d at 348. The Supreme Court has declined to rule whether this immunity is absolute, and, if not, the showing required to overcome a presumption of protection. *Upjohn Co. v. United States,* 449 U.S. 383, 401 (1981). The Court did note that opinion work product "cannot be disclosed simply on a showing of substantial need and inability to obtain the equivalent without undue hardship ... a far stronger showing of necessity and unavailability by other means would be necessary to compel disclosure." *Upjohn*, 449 U.S. at 401-402. While other circuits have addressed this issue, the Seventh Circuit has not. *See Logan*, 96 F.3d at 976, n4. Some circuits have held that opinion work product should be afforded near absolute immunity and can only be discovered in rare circumstances. *Grand Jury Proceedings*, 33 F.3d. at 348; *see*

*also In re Cendant Corp. Securities Litigation*, 343 F.3d 658, at 664 (3d Cir. 2003) (stating that "opinion work product protection is not absolute, but requires a heightened showing of extraordinary circumstances."); *Williamson v. Moore*, 221 F.3d 1177, 1182-1183 (11th Cir. 2000) (holding that "[w]hile opinion work product enjoys almost absolute immunity, extraordinary circumstances may exist that justify a departure from this protection."). By contrast, at least one district court has held that opinion work product is absolutely privileged. *See Vardon Golf Co. v. BBMG Golf Ltd.*, 156 F.R.D. 641, 646 (N.D. Ill. 1994); *Abbott Laboratories v. Alpha Therapeutic Corp.*, 200 F.R.D. 401, 409 (N.D. Ill. 2001). Clearly, immunity from discovery for opinion work product is absolute or nearly absolute. *Caremark*, 195 at 616.

### III. DISCUSSION

This Court provided a thorough review of the cases that discuss whether § 3730(b)(2) disclosure statements are discoverable in its 10/7/05 Opinion. *See Yannacopoulous*, 231 F.R.D. at 382-86. There, the documents were clearly disclosure statements and the parties agreed that Lockheed was entitled to the documents with the opinion work product redacted. In this case, the parties have not reached an agreement about the documents. Relator argues that these documents are not § 3730(b)(2) disclosure statements, Lockheed has not established "substantial need" and "undue hardship," and thus Lockheed is not entitled to any of the documents. Lockheed argues just the opposite. Therefore, the Court must decide the following two issues: (1) whether the fifteen documents at issue constitute § 3730(b)(2) disclosure statements to the government, and (2) regardless of the outcome of the first issue,

7

whether Lockheed has demonstrated "substantial need" and "undue hardship." The Court will discuss each issue in turn.

A. **THE DOCUMENTS DO NOT CONSTITUTE § 3730(b)(2) DISCLOSURE STATEMENTS TO THE GOVERNMENT.**

Relator filed his original complaint on April 25, 1996, his first amended complaint on August 13, 2002, and his second amended complaint on April 23, 2003. The dates of the fifteen documents at issue range from July 6, 1999 to June 27, 2002. Therefore, all of the documents at issue were submitted to the government after the original complaint was filed and before Relator first amended his complaint. The documents were also submitted to the government while the original complaint was still under seal.

Pursuant to § 3730(b)(2), the FCA mandates that:

> [a] copy of the complaint and written disclosure of the substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

Lockheed argues that because Relator, for the first time, alleged a new fraudulent scheme, IECM Integration, and a new theory of liability, Reverse False Claims, based on new material facts and information in his First Amended Complaint, Relator was required by § 3730(b)(2) to serve additional disclosure statements on the government to support its new allegations. Thus, Lockheed claims that the fifteen documents at issue constitute § 3730(b)(2) disclosure statements because they serve as Relator's support for his new

8

allegations. Meanwhile, Relator argues that § 3730(b)(2) mandates disclosures to the government for only the original complaint, and amended complaints need not be accompanied by additional disclosure statements. Therefore, Relator argues that his fifteen documents are protected correspondence between Relator, his attorneys, and the government.

Lockheed cites one relevant case in support of its argument.[1] In *U.S. ex rel. Bain v. Georgia Gulf Corp.*, 386 F.3d 648, 650-51 (5th Cir. 2004), the relator amended his complaint and added a new claim after the complaint was no longer under seal and the government had already decided not to intervene. While the court ruled on a separate issue, it noted in dicta that "it is questionable whether [the relator] has complied with [§ 3730(b)(2)] with respect to the alleged ... false claim concerning ERCs, a matter alleged for the first time in [the relator's] amended complaint, which was filed well after the government's ... notice of election to decline intervention." *Id.* at 658 n.10. The court was concerned because "[t]here [was] no indication that the government was ever served with 'written disclosure of all material evidence and information' [the relator] possessed in respect to that claim." *Id.*

Notwithstanding the dicta in *Bain*, however, existing case law favors Relator's position. In *U.S. ex rel. Wisz v. C/HCA Development, Inc.,* 31 F. Supp. 2d 1068, 1068-69 (N.D. Ill. 1998), the defendant moved to dismiss the relator's second amended complaint,

---

[1] Lockheed cites a second case, *U.S. ex rel. Detrick v. Daniel F. Young, Inc.*, 909 F. Supp. 1010, 1015 (E.D. Va. 1995), but that case contains no discussion of the issue, other than the fact that Relator filed an amended complaint and submitted an amended disclosure statement and a second amended disclosure statement to the government.

which added a new defendant but alleged the same type of fraudulent conduct, for failure to comply with § 3730(b)(2) because it was not filed *in camera* and under seal. In denying the defendant's motion to dismiss, the court expressly stated that the defendant's "argument lack[ed] merit" because "[b]y its terms, [§ 3730(b)(2)] applies only to 'the complaint' and not to any amended complaint." *Id.* at 1069.

Moreover, in *U.S. ex rel. Milam v. Regents of University of California*, 912 F. Supp. 868, 889-90 (D. Md. 1995), the relator's amended complaint added defendants but was not filed under seal or *in camera*. Rejecting the defendant's argument, the court stated that "[the relator] followed the requirements of § 3730(b)(2) when filing the initial complaint. Neither the statute nor any relevant case law imposed upon [the relator] the duty to file any amendments to that complaint in camera and under seal." *Id.* at 890.

Lockheed tries to distinguish the cases that state that § 3730(b)(2) only applies to the original complaint by arguing that the facts of the instant case differ from the facts of those cases. Lockheed claims that Relator's amended complaints in this case raise a new claim and allege a new type of fraudulent conduct, while the amended complaints in the other cases deal with the same fraudulent conduct. However, in *U.S. ex rel. King v. F.E. Moran, Inc.*, No. 00 C 3877, 2002 WL 2003219, at *12-13 (N.D. Ill. 2002), the relator did not include certain claims in either her original complaint or her amended complaint and the defendant claimed the relator did not satisfy § 3730(b)(2) because she failed to disclose her new claims to the government before proceeding with her lawsuit. The court found that "[u]nder the circumstances, [the relator's] failure to amend does not justify an outright dismissal of her

10

lawsuit; the requirements of § 3730(b)(2) are procedural and not jurisdictional." *Id.* at *13. The court then ordered the relator to amend her complaint to include the new claims but did not order her to serve a new disclosure statement on the government. *Id.*

The Court has reviewed *in camera* the fifteen documents at issue and finds that the documents are not in the form of § 3730(b)(2) disclosure statements to the government. These documents are different from the three § 3730(b)(2) disclosure statements this Court addressed in its 10/7/05 Opinion. Those documents, two of which expressly stated they were required by § 3730(b)(2), were submitted to the government pursuant to § 3730(b)(2) in conjunction with the original complaint. The three documents included lengthy narratives of the facts of the case with some opinion work product.

On the contrary, the fifteen documents at issue here are correspondence among Relator, Relator's counsel, and the government. The documents, which reference telephone conferences and meetings involving Relator, Relator's counsel, and the government, reflect back and forth communications between those parties. It is evident that Relator filed his complaint *in camera*, made his initial § 3730(b)(2) disclosures to the government, which are the three documents at issue in the 10/7/05 Opinion, and then questions arose and thus correspondence commenced among Relator, Relator's counsel, and the government.

This chronology also fits well with the policy behind § 3730(b)(2):

> [§ 3730(b)(2)] was designed to allow the relator to file suit before informing the government of the basis of the suit. Otherwise, if the relator had to inform the government of the basis of the suit before filing suit, the government could file suit first and deprive the relator of his right to sue. The other purpose of [§ 3730(b)(2)] is to give the government sufficient time to decide whether to intervene in the case.... Likewise, there is no suggestion in the legislative history that the provision was intended to benefit the defendant in any way,

11

>     except to inform the defendant whether its opponent is the relator or the federal
>     government ....

*Milam*, 912 F. Supp. at 890 (citation omitted). After Relator filed his complaint and submitted to the government his three § 3730(b)(2) disclosure statements, the government inquired about the case and engaged in a number of discussions with Relator and his counsel. This is when these fifteen documents were exchanged. Therefore, it makes sense analytically that the three documents at issue in the 10/7/05 Opinion were Relator's § 3730(b)(2) disclosure statements, and the fifteen documents at issue here are something different. This correspondence arose from back and forth communications between Relator and the government regarding questions and issues surrounding the case.

Furthermore, much of the documents consists of Relator's mental impressions, conclusions, opinions, summaries, and legal theories about the case, which is opinion work product and not discoverable even if the documents were § 3730(b)(2) disclosure statements. Lastly, Relator created a privilege log for these documents that provides the date, author, recipient, carbon copy ("cc") recipients, description, references to IECM Claim, references to Reverse False Claims, and the privileges claimed. Lockheed can thus glean some information about these documents.

In light of the above reasons, the Court finds that the fifteen documents at issue do not constitute § 3730(b)(2) disclosure statements to the government.

## B.     LOCKHEED HAS NOT ESTABLISHED SUBSTANTIAL NEED AND UNDUE HARDSHIP

Because Relator and Lockheed do not agree about the status of the fifteen documents

at issue, even if this Court found that the documents were § 3730(b)(2) disclosure statements, to obtain the ordinary work product in the documents, Lockheed would still have to demonstrate "both a substantial need for the materials and that it would suffer undue hardship in procuring the requested information some other way." *Logan*, 96 F.3d at 976.

Lockheed argues it has established substantial need because: (1) Lockheed seeks to compare the facts revealed by Relator in the documents with the facts previously available to the public to determine if Relator is an "original source;" (2) Lockheed seeks clarification from Relator as to the exact basis for his allegations of fraud and his sources of information underlying the allegations; and (3) Lockheed needs to establish when Relator knew of the facts underlying his IECM and Reverse False Claims allegations in order to establish its statute of limitations defense. To demonstrate undue hardship, Lockheed argues that Relator claimed lack of memory in written responses and deposition testimony on many of these matters and Lockheed "cannot acquire this information from any other source given its exhaustion of all other available discovery methods, and Relator's selective compliance with § 3730(b)(2)." Lockheed Reply at 8.

Relator argues that Lockheed failed to demonstrate substantial need because: (1) the "original source" issue has already been resolved and is thus not relevant; (2) Lockheed has received detailed answers and supplemental answers to its contention interrogatories and fails to identify any specific discovery answers that need clarification; and (3) Lockheed's claimed statute of limitations defense is vague, fails to identify which claims and dates it needs to determine, and is irrelevant anyways because all of Relator's reverse false claims relate back

to the filing of the initial complaint in 1996 and are facially timely.  Regarding undue hardship, Relator argues that Lockheed has failed to establish this element because through Relator's deposition, answers to interrogatories, and the documents Relator has identified, Lockheed has not been unduly burdened in obtaining the information it needs.

Considering all of the above arguments, the Court finds that Lockheed has failed to demonstrate both substantial need and undue hardship.  Most importantly, Relator and Lockheed have been engaged in active discovery for months and Lockheed has obtained the factual information it requested through the normal channels of discovery.  Lockheed will not be surprised and Relators's counsel have represented that they have considered the fifteen documents at issue when responding to interrogatories.  The Court finds that Lockheed has not established substantial need and undue hardship.

**C.    RELATOR NEED NOT AMEND HIS RESPONSES TO LOCKHEED'S FIRST SET OF REQUESTS TO ADMIT**

In Lockheed's First Set of Requests to Admit, Lockheed requested an admission from Relator that prior to, at the time of, or after the filing of the First or Second Amended Complaint, no "written disclosure of substantially all material evidence and information Relator possessed underlying Relator's claims against Lockheed" related to IECM Integration and Reverse False Claims was ever served on the government.  Lockheed Mot. at 2.  Relator denied this request to admit.  Lockheed argues that if Claimant contends that he did not submit written disclosures to the government pursuant to § 3730(b)(2), then Relator should be required to amend his responses to the requests to admit.

14

Because the Court finds that Relator produced to the government information underlying his claims against Lockheed related to IECM Integration and Reverse False Claims, but those disclosures and correspondence do not constitute § 3730(b)(2) disclosure statements, Relator does not need to amend his responses to Lockheed's First Set of Requests to Admit. Relator's position, that he did indeed produce information to and correspond with the government but not in the form of § 3730(b)(2) disclosure statements, is proper.

## IV. CONCLUSION

Following the filing of his original complaint, Relator corresponded with the government about the case and twice amended his complaint. The correspondence with the government involved discussion about facts and theories of the case. Much of the correspondence is opinion work product. In light of the plain language of § 3730(b)(2), the cases that have interpreted § 3730(b)(2), and the form of the documents, the Court finds that the fifteen documents at issue do not constitute § 3730(b)(2) disclosure statements to the government. Furthermore, Lockheed failed to establish both substantial need and undue hardship. Thus, for the reasons set forth in this opinion, **Lockheed's motion to compel production of documents is denied.**

**SO ORDERED THIS 1st DAY OF JUNE, 2006.**

_____
**MORTON DENLOW
UNITED STATES MAGISTRATE JUDGE**

**Copies mailed to:**

Judson H. Miner
Jeffrey I. Cummings
MINER, BARNHILL & GALLAND
14 West Erie Street
Chicago, IL 60610

Thomas R. Meites
Shona B. Glink
Jamie S. Franklin
MEITES, MULDER, BURGER & MOLLICA
208 South LaSalle Street, Suite 1410
Chicago, IL 60604

Counsel for Plaintiff

Joshua T. Buchman
Peter M. Schutzel
McDERMOTT, WILL & EMERY
227 West Monroe
Chicago, IL 60606

Counsel for Defendant Lockheed Martin Corporation

Linda L. Listrom
Susan C. Levy
Christopher D. Liguori
Daniel J. Winters
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611-7603

Counsel for Defendant General Dynamics Corporation