**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **ex rel. DIMITRI** | ) | |
| **YANNACOPOLOUS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 03 C 3012** |
| | ) | |
| **v.** | ) | **Magistrate Judge Morton Denlow** |
| | ) | |
| **GENERAL DYNAMICS and** | ) | |
| **LOCKHEED MARTIN** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff-Relator Dimitri Yannacopolous ("Yannacopolous" or "Relator") brings this

*qui tam* action on behalf of the United States of America ("the government") against

Defendants Lockheed Martin Corporation ("Lockheed") and General Dynamics

("Dynamics") (collectively "Defendants") alleging violations of the False Claims Act, 31

U.S.C. § 3729 *et seq.* Relator's Second Amended Complaint alleges that Defendants

submitted false claims to the government in connection with the sale of F-16 aircraft to the

government of Greece.

Lockheed now brings a motion to unseal the court file in this case. Lockheed has

particular interest in obtaining 11 sealed motions in which the government requests

extensions of time to determine whether to intervene in the case ("extension requests"). Relator objects only to unsealing certain portions of the 11 extension requests, claiming that doing so would harm the government by revealing substantive details of the government's investigation. The government has also represented to the court its objection to unsealing these portions of the extension requests. The parties agree that the remainder of the court file may be unsealed. After conducting an *in camera* review of the disputed portions of the 11 documents, this Court grants Lockheed's motion to unseal the file.

## I. BACKGROUND

### A. LOCKHEED'S PREVIOUS MOTIONS TO COMPEL

On June 1, 2006, this Court issued a Memorandum Opinion and Order ("6/1/06 Opinion") ruling on Lockheed's first motion to compel. *See United States ex rel. Yannacopolous v. General Dynamics*, 235 F.R.D. 661 (N.D. Ill. 2006). At issue in that motion were written disclosures served upon the government pursuant to 31 U.S.C. § 3730(b)(2), which requires Relator to disclose to the government substantially all material evidence and information in his possession, that referred or related to Relator's allegations regarding Internal Electronic Countermeasures Integration and/or Reverse False Claims. *Id.* at 662-63. Relator claimed that the documents were not served upon the government pursuant to § 3730(b)(2), but instead were provided to the government as privileged communications. *Id.* at 663. Relator prepared a privilege log and submitted the documents,

with proposed redactions of the allegedly protected material, to the Court for *in camera* review. *Id.*

After *in camera* review, this Court found that the fifteen documents at issue did not constitute § 3730(b)(2) disclosure statements to the government and thus the FCA did not require Relator to disclose the documents to Lockheed. *Id.* at 668. Moreover, the Court found that much of the correspondence at issue was opinion work product, which would not be discoverable even if the documents were § 3730(b)(2) disclosure statements. *Id.* Because Lockheed failed to establish (1) substantial need for the materials and (2) undue hardship in procuring the requested information some other way, this Court found that Lockheed could not overcome the opinion work product protection. *Id.* Thus, this Court denied Lockheed's motion to compel production of the documents. *Id.*

On October 7, 2005, this Court issued a Memorandum Opinion and Order ("10/7/05 Opinion") ruling on Lockheed's second motion to compel. *See United States ex rel. Yannacopolous v. General Dynamics*, 231 F.R.D. 378 (N.D. Ill. 2005). At issue in that motion were three disclosure statements Relator had served on the government pursuant to § 3730(b)(2). *Id.* at 380-81. Relator had produced the three disclosure statements to Lockheed, but Relator redacted what he considered opinion work product. *Id.* Relator also produced in unredacted form all of the exhibits referenced in the disclosure statements. *Id.* at 381.

Lockheed moved to compel Relator to produce unredacted copies of the three disclosure statements. *Id*. at 380. The attorney work product doctrine controlled the resolution of the dispute, and the parties agreed that ordinary work product should be produced and opinion work product redacted. *See id.* at 382. Thus, Relator provided the Court with both redacted and unredacted copies of the disclosure statements so the Court could determine if the portions redacted by Relator constituted opinion work product. *Id*. at 381, 384. After an *in camera* review, the Court found that most of Relator's redactions did indeed constitute opinion work product, and need not be produced.

## B.    DOCUMENTS AT ISSUE IN THIS MOTION TO UNSEAL THE COURT FILE

On June 13, 2006, Lockheed filed a motion to unseal the court file in this case. Relator's complaints in this case were under seal for over seven years. While Relator's complaint and two amended complaints have been unsealed, approximately 70 other documents remain under seal in this case. Among these sealed documents are 11 unopposed motions filed by the government for an enlargement of time to make an election as to whether to intervene in the case, made pursuant to § 3730(b)(3) of the FCA. The motions (Docket Numbers 4, 9, 11, 25, 27, 29, 31, 33, 35, 37 and 39) were filed between February 1997 and March 2002. In its motion, Lockheed expressed particular interest in these 11 extension requests. Lockheed Mot. at 4. Lockheed believes that the extension requests may be helpful in establishing a statute of limitations defense. *Id*.

Relator and the government object to unsealing portions of these 11 extension requests. Relator claims that unsealing the documents would reveal substantive details of the government's investigation into Relator's claims. Relator Mot. at 1-2. Relator contends that the extension requests, as required by statute, include showings of "good cause" for its requests and thus provide substantive details about the course of the government's investigation. *Id.* Relator provided the Court with these documents, along with proposed redactions, for an *in camera* review.

## II. LEGAL STANDARDS

### A. FALSE CLAIMS ACT

Congress amended the federal False Claims Act ("FCA") in 1986 to encourage private enforcement suits. *United States ex rel. Stone v. Rockwell Int'l. Corp.*, 144 F.R.D. 396, 398 (D. Colo. 1992); *see also* S. REP. 99-345, at 2 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5266, 5266-5267 ("The proposed legislation seeks not only to provide the Government's law enforcers with more effective tools, but to encourage any individual knowing of Government fraud to bring that information forward."). The FCA prohibits the knowing presentation of a false or fraudulent claim for payment or approval to an officer or employee of the government. 31 U.S.C. § 3729(a). A private person, the relator, may bring a civil action for a violation of the FCA for the person and the government. 31 U.S.C. § 3730(b)(1). Such an action, known as a *qui tam* action, must be brought in the name of the government. *Id*. Therefore, the relator must serve upon the government a copy of the complaint and a written disclosure, the disclosure statement, of substantially all material evidence and information

in his possession. 31 U.S.C. § 3730(b)(2).

The purpose of the disclosure statement is to provide the government with enough information on the alleged fraud so it can make an informed decision as to whether to participate in the action or allow the relator to proceed on his own. *United States ex rel. Bagley v. TRW Inc.*, 212 F.R.D. 554, 555 (C.D. Cal. 2003). After the government receives both the complaint and the disclosure statement, it has 60 days to intervene and proceed with the action. 31 U.S.C. § 3730(b)(2). If the government elects to proceed with the suit, the relator may continue as a party to the action, but the government has the primary responsibility of prosecuting the case. 31 U.S.C. § 3730(c). Should the government decline to take over the suit, the relator has the right to conduct the action on the government's behalf. 31 U.S.C. § 3730(b)(4)(B).

During the government's 60-day investigation, the complaint remains under seal. 31 U.S.C. § 3730(b)(2). The government can move for an extension of the 60-day period to determine whether to intervene in the suit by filing an *in camera* motion, which must be supported by good cause. 31 U.S.C. § 3730(b)(3).

## B. COURT AUTHORITY TO UNSEAL FCA DOCUMENTS

Although the FCA clearly contemplates that the complaint be unsealed once the government has decided whether to intervene, it does not address whether other documents,

such as the government's extension requests made pursuant to § 3730(b)(3), are to remain under seal indefinitely.

Numerous courts have held that, by permitting *in camera* submissions, the statute "necessarily invests the court with authority either to maintain the filings under seal or to make them available to the parties." *Health Outcomes Technologies v. Hallmark Health System, Inc.*, 349 F. Supp. 2d at 173. Courts have analogized motions to unseal or retain the seal on FCA documents to discovery matters considered under Rule 26(c) of the Federal Rules of Civil Procedure, which authorizes protective orders to guard trade secrets and similar information. *See, e.g., United States ex rel. Erickson v. University of Washington Physicians*, 339 F. Supp. 2d 1124, 1126 (W.D. Wash. 2004); *United States ex rel. Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994). Courts resolve Rule 26(c) disputes by engaging in a balancing of the need for and harm risked by the disclosures sought. *Mikes*, 846 F. Supp. at 23. If the harm of unsealing outweighs the need for the documents, courts will deny motions to unseal FCA documents. *Id.*

In considering the appropriateness of sealing court records, the Seventh Circuit has given great weight to the strong public interest in disclosure. Concealing judicial records "disserves the values protected by the free-speech and free-press clauses of the First Amendment . . . [and prevents] the public [from] monitor[ing] judicial performance adequately." *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002).

In FCA cases, it is appropriate to deny a motion to unseal a court file if unsealing would disclose confidential investigative techniques, reveal information that would jeopardize an ongoing investigation, or injure non-parties. *Id.* For instance, the *United States ex rel. O'Keefe v. McDonnell Douglas Corp.* court refused to unseal the government's extension requests and the accompanying memoranda and affidavits because they "provide[d] some substantive details regarding the government's methods of investigation" and "there would be harm associated with disclosure of such details." 902 F. Supp. 189, 192 (E.D.Mo. 1995).

By contrast, it is proper to grant a motion to unseal a document that reveals only "routine investigative procedures which anyone with rudimentary knowledge of investigative processes would assume would be utilized in the regular course of business . . . and contains no information about specific techniques such as what items might be looked for in an audit, what types of employees of an entity should be contacted and how, what laboratory tests might be utilized, or the like." *Mikes*, 846 F. Supp. at 23.

The *Health Outcomes Technologies* court granted the defendant's motion to unseal the court file because the documents "contain[ed] no information that could jeopardize the prosecution of this or any related case" and "defendants ha[d] a legitimate interest in obtaining the documents because they may be helpful . . . in establishing defenses such as exhaustion of the limitations period." 349 F. Supp. 2d at 174. Similarly, the *United States ex rel. Johnson-Pochardt v. Rapid City Regional Hospital* court denied the government's motion to retain the seal on the government's extension requests because they "explain[ed]

only general, routine matters of investigation." 2003 U.S. Dist. 4758, at *7 (W.D.S.D. 2003).

It may also be proper to provide only redacted copies of sealed documents to the defendant in order to protect sensitive information. The *United States ex rel. Goodstein v. McClaren Regional Medical Center* court found that, "[w]hile the documents generally mentioned an investigatorial plan, they set forth very little with respect to the details of this plan." 2001 U.S. Dist. LEXIS 2918, at *8 (S.D. Mich. 2001). Thus, the court unsealed three of the documents and retained the seal on two others, which contained substantive details of the government's investigation. *Id.* at *9. The court provided redacted copies of those two documents to the defendants. *Id.*

### III. DISCUSSION

The Court is in agreement that the FCA necessarily invests courts with the authority to either maintain the filings under seal or to make them available to the parties. In considering Lockheed's motion to unseal, this Court will weigh the harm of unsealing to Relator and the government against Lockheed's demonstrated need for the sealed documents and the strong public interest in disclosure.

Lockheed contends that the government's 11 motions for extensions of the 60-day seal period may contain information to support its statute of limitations defense. Relator objects, arguing that the extension requests, in their supporting statements of "good cause," reveal substantive details about the course of the government's ongoing investigation of Relator's allegations. Since Relator already redacted the information he considered harmful if unsealed, this Court's *in camera* review focused on the redacted portions of the 11

documents.

The documents at issue here are similar to the documents in *Mikes*, *United States v. CACI Int'l, Inc.* and *Johnson-Pochardt*, all cases where the court refused to retain the seal on FCA court files. Like the documents in those cases, the 11 extension requests here contain only general, routine information. The extension requests here do not contain names of witnesses, information about particular documents or substantive details of the investigation. Moreover, the information is dated; the most recent extension request at issue was filed in 2002.

Similar to the *Mikes* documents, the government's extension requests here include only general information about the status of its investigation and "routine investigative procedures." The extension requests do no reveal "what items might be looked for in an audit [or] what types of employees of an entity should be contacted and how." *Mikes*, 846 F. Supp. at 23. The extension requests here, like the documents in *United States v. CACI Int'l, Inc.*, "describe routine, general investigative procedures and do not implicate specific people or provide any substantive details." 885 F. Supp. 80, 83 (S.D.N.Y. 1995).

The documents here are also analogous to the *Johnson-Pochardt* documents, which the court unsealed. Like the *Johnson-Pochardt* documents, Relator's proposed redactions "explain only general, routine matters of investigation." 2003 U.S. Dist. LEXIS 4758, at *7. Further, "no one, other than the defendants and the Relator, is expressly mentioned by name," "[c]lient agencies and contractors are not discussed," and "[d]ocuments received from the defendants are mentioned only generally, and no details relating to content [are]

10

revealed." *Id.*

Unlike the *O'Keefe* documents, which provided "some substantive details regarding the government's method of investigation" and thus remained sealed, the government's extension requests here do not disclose confidential investigative techniques, reveal information that would jeopardize an ongoing investigation, or injure non-parties. 902 F. Supp. at 192.

Given the strong interest in public disclosure, Lockheed's stated need for the documents for a potential statute of limitations defense, and the general, innocuous nature of the redacted information, there is no ground for retaining the seal on the documents.

## IV. CONCLUSION

Among the documents that remain under seal in this case are the government's 11 extension requests. While the FCA is silent as to whether sealed documents, other than a relator's complaint, must remain under seal indefinitely, this Court joins numerous courts that have found that the FCA necessarily invests courts with the authority to maintain the filings under seal or to unseal the filings. This court has balanced Lockheed's interest in obtaining the information and the public interest in disclosure against Relator and the government's interest in continued confidentiality. This Court finds no grounds for retaining the seal because the 11 documents at issue contain only routine, general information that would not be harmful if unsealed. Thus, for the reasons set forth in this opinion, **Lockheed's motion to unseal the court file is granted and the contents of all court filings, including but not limited to docket numbers 4, 9, 11, 25, 27, 29, 31, 33, 35, 37 and 39 shall be unsealed and**

made public.  The Clerk of the Court is directed to unseal all sealed and restricted documents in this case.

**SO ORDERED THIS 17TH DAY OF October, 2006.**

_Morton Denlow_

**MORTON DENLOW**
**United States Magistrate Judge**

**Copies Have Been Sent To:**

Judson H. Miner
Jeffrey I. Cummings
MINER, BARNHILL & GALLAND
14 West Erie Street
Chicago, IL 60610

Thomas R. Meites
Shona B. Glink
Jamie S. Franklin
MEITES, MULDER, BURGER &
MOLLICA
208 S. LaSalle Street, Suite 1410
Chicago, IL 60604

Counsel for Relator

Jonathan C. Haile
Assistant United States Attorney
United States Attorney's Office
219 S. Dearborn Street, 5th Floor
Chicago, IL 60604
Counsel for United States

Joshua T. Buchman
Peter M. Schutzel
McDERMOTT, WILL & EMERY
227 West Monroe
Chicago, IL 60606

Counsel for Defendant Lockheed Martin
Corporation

Linda L. Listrom
Susan C. Levy
Christopher D. Liguori
Daniel J. Winters
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611-7603

Counsel for Defendant General Dynamics
Corporation