IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel.<br>DIMITRI YANNACOPOULOS,<br><br>        Relator,<br><br>v.<br><br>GENERAL DYNAMICS and LOCKHEED<br>MARTIN CORPORATION,<br><br>        Defendants. | No. 03 C 3012<br><br>Judge Robert W. Gettleman |

# **MEMORANDUM OPINION AND ORDER[1]**

Relator has moved the court to reconsider its February 12, 2007, order granting defendants' motion for partial summary judgment. For the reasons stated below, that motion is granted in part and denied in part.

<u>Implied Certification with DSAA Guidelines</u>

After reviewing the record and the arguments of the parties, the court has determined that it did not misapprehend the arguments or evidence submitted by relator in connection with this issue. For the reasons stated in its February 12, 2007, Memorandum Opinion and Order, the uncontested evidence demonstrates that defendants did not impliedly certify compliance with all DSAA Guidelines. Accordingly, the court denies plaintiff's motion to reconsider the granting of defendants' motion for partial summary judgment on the implied certification claim.

---

[1] The terms of art used herein are those defined in the court's February 12, 2007, Memorandum Opinion and Order <u>U.S. ex rel. Yannacopoulos v. General Dynamics</u>, 2007 WL 495257 (N.D. Ill. 2007).

Express Certification Claim

After reviewing the record again, along with the parties' arguments on this issue, the court reconsiders and denies defendants' motion for partial summary judgment on relator's express certification claim. Based on the deposition testimony of defendants' witnesses, it appears that there is at least a question of fact as to whether the alleged June 1986 oral agreement to eliminate the EPA Clause was effective and whether defendants properly informed DSAA of this change in the terms of the Letter of Intent ("LOI"). The July 15, 1986, and May 9, 1986, letters from General Dynamics to DSAA attached documents that are arguably self-contradictory. The first such document, General Dynamics' D. Lane Everett's April 8, 1986, letter to General Marinakis of the Hellenic Air Force states, in effect, that the parties had agreed to remove the EPA clause as a "quid pro quo for the accelerated delivery schedule . . ." The May 9, 1986, letter from Mr. Everett to Mr. Desoto of DSAA, however, indicates that the "revisions" to the LOI were set forth in "Addendum One" to the LOI. Attachment "C" to Addendum One indicates in paragraph four that certain language of the EPA Clause was eliminated at one point and then "restored to its original wording."

When read in light of the deposition testimony to which relator has directed the court's attention in his motion to reconsider, this confusing language creates an issue of fact that should not be decided at the summary judgment stage. Whether these communications, or the certifications for payment occurring thereafter and before the signing of the final contract, constitute a false claim is an issue for another day. For these reasons, the court reconsiders its February 12, 2007 Opinion and denies defendants' motion for partial summary judgment on the express certification issue.

**ENTER:** May 31, 2007

_____
**Robert W. Gettleman
United States District Judge**