IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* | ) | |
| DIMITRI YANNACOPOULOS, | ) | |
| | ) | |
| Relator-Plaintiff, | ) | No. 03-C-3012 |
| | ) | |
| v. | ) | Judge Gettleman |
| | ) | Magistrate Judge Denlow |
| GENERAL DYNAMICS and | ) | |
| LOCKHEED MARTIN CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**RELATOR'S MOTION PURSUANT TO RULE 54(d)(1) TO STAY
BRIEFING AND DECISION ON DEFENDANTS' BILLS OF COSTS**

Relator Dimitri Yannacopoulos respectfully requests that this Court stay briefing and decision on relator's objections to defendants General Dynamics and Lockheed Martin Corporation's bills of costs. In further support of this motion, relator states as follows:

1. On July 16, 2009, this Court granted both defendants' motions for summary judgment and GD's renewed motion for summary judgment on relator's EPA Clause Claim (which was treated as a motion for reconsideration). Relator filed a notice of appeal on August 14, 2009 and his appellate brief is due to be filed on October 26, 2009.

2. Defendants each filed a bill of costs on August 17, 2009. On September 22, 2009, the clerk taxed costs in the amount of $240,031.39 in favor of Lockheed and costs in the amount of $36,989.49 in favor of GD. Relator timely files this motion pursuant to Rule 54(d)(1) to notify this Court that he objects to defendants' bills of costs and to seek review of the clerk's action in taxing costs in the above amounts.

3. This Court has the discretion to stay its review and resolution of relator's objections to defendants' bills of costs, *see e.g., Zimmerman v. Dickerson,* 2006 WL 3360537 at *2 (S.D.Ind. 2006) (citing to *Cooper v. Eagle River Memorial Hospital, Inc.,* 270 F.3d 456, 464 (7th Cir. 2001)), and there are several reasons why a stay is warranted here.

4. First, there is the interest in judicial efficiency. Relator objects to defendants' bills of costs on multiple grounds and the cost issues -- like this case as a whole -- will be vigorously litigated given the wide variety of costs for which defendants seek reimbursement and the extraordinarily large sum (almost $289,000) that is at stake. This Court's "resolution of the complicated legal issues the parties raise will be a wasteful, academic exercise if defendant[s] fail to prevail on appeal" because any award of costs would be vacated as a matter of course. *Kiska Construction Corp. v. Washington Metro. Area Transit Auth.*, 2002 WL 393082, at *1 (D.D.C. 2002); *Lasic v. Moreno*, 2007 WL 4180655, at *1 (E.D.Cal. 2007) (holding that "[i]t would be an inefficient use of judicial resources to rule on the Bill of Costs" pending appeal); *see also Smart v. Local 702,* 573 F.3d 523, 525 (7th Cir. 2009) ("When a district court judgment is reversed or substantially modified on appeal, any costs awarded to the previously prevailing party are automatically vacated") (internal quotation marks omitted). Furthermore, "[t]he resolution of the collateral issues of...costs could interfere with the Court of Appeals' consideration of the substantive issues, and its immediate resolution is unlikely to assist the Court of Appeals." *Bowers v. Univ. City Dev. Partners, Ltd.*, 2005 WL 1243745, at *2 (M.D. Fla. 2005) (denying bill of costs without prejudice to its renewal after the resolution of the appeal).

5. Second, the fact that defendants: (a) seek an extraordinarily large cost award; (b) "include[] costs that clearly are not recoverable under 28 U.S.C. §1920," such as tens of

2

thousands of dollars to code documents for the internal use of defense counsel; and (c) fail to establish their entitlement to recover for tens of thousands of dollars worth of other costs they seek, are additional factors which render it "prudent" to stay consideration of the costs issue pending appeal. *See, e.g., Zimmerman,* 2006 WL 3360537 at *2 (granting plaintiff's motion to stay consideration of costs issues pending appeal for these reasons).

6. Third, defendant defense contractors would suffer no conceivable prejudice if this Court stays the briefing and resolution on their bills of costs. The absence of any prejudice to the parties seeking costs is also a factor supporting a stay. *See, e.g., Kiska Construction*, 2002 WL 393082, at *1.

7. Finally, relator will be severely prejudiced if he is forced to simultaneously brief the merits of his appeal and the costs issue. Relator's appellate brief is due on October 26, and his attorneys are also actively engaged in other legal matters. Requiring simultaneous briefing would unduly strain the resources of relator's counsel.

8. Where one or more of the above factors are present, courts have routinely stayed the resolution of objections to bills of costs pending appeal. *See, e.g., Roney v. Ill. Dept. of Trans.*, 2007 WL 1100751, at *1 n.2 (N.D.Ill. 2007) (noting prior denial of bill of costs without prejudice pending appeal); *Askew v. City of Chicago*, 2006 WL 1005167, at *1 n.1 (N.D. Ill. 2006) (same); *Lasic*, 2007 WL 4180655, at *1; *Zimmerman,* 2006 WL 3360537 at *2; *Bowers*, 2005 WL 1243745, at *2; *Kiska*, 2002 WL 393082, at *1; *Interactive Picture v. Infinite Pictures, Inc.,* 2002 WL 32059348 at *1 (E.D.Tenn. 2002).

9. In sum, in consideration of all of the factors stated above, there is no good reason for this Court to expend valuable judicial resources employing the "careful scrutiny" required to review defendants' bills of costs while relator's appeal is pending. *Farmer v. Arabian Am. Oil*

3

*Co.*, 379 U.S. 227, 235 (1964) ("Items proposed by winning parties as costs should always be given careful scrutiny."). If, however, this Court is not inclined to grant a stay, relator respectfully requests that he receive an extension until November 30, 2009 to file his brief in support of his objections to defendants' bills of costs.

**Conclusion**

For all of the above reasons, relator respectfully requests that this Court grant his motion to stay briefing and decision on relator's objections to defendants General Dynamics and Lockheed Martin Corporation's bills of costs.

                                                                    Respectfully submitted,

                                                                    /s/ Jeffrey I. Cummings
                                                                    Jeffrey I. Cummings
                                                                    One of the Attorneys for Relator-Plaintiff

Miner, Barnhill & Galland, P.C.
14 W. Erie St.
Chicago, IL 60654
(312) 751-1170

Meites, Mulder, Mollica & Glink
20 S. Clark St.
Chicago, IL 60603
(312) 263-0272

## CERTIFICATE OF SERVICE

    Lisa Mecca Davis certifies that she caused a copy of the foregoing Motion to be served upon all counsel of record, by this Court's electronic-filing system, this 23rd day of September, 2009.

                                               /s/ Lisa Mecca Davis
                                               Lisa Mecca Davis