IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ) <br> DIMITRI YANNACOPOULOS, ) <br> ) <br> Plaintiff-Relator, ) <br> ) <br> v. ) <br> ) <br> GENERAL DYNAMICS and LOCKHEED ) <br> MARTIN CORPORATION, ) <br> ) <br> Defendants. ) | No. 03 C 3012 <br><br> Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on plaintiff-relator Dimitri Yannacopoulos' ("plaintiff") objections to defendants' bills of costs. This court granted summary judgment to defendants on July 16, 2009. On July 26, 2011, the court of appeals affirmed that judgment. <u>U.S. ex rel. Yannacopoulos v. General Dynamics</u>, 652 F.3d 818 (7th Cir. 2011). Defendant General Dynamics filed a bill of costs seeking $36,989.49. Defendant Lockheed Martin also filed a bill of costs seeking $240,031.39. For the reasons stated herein, the bills are granted in part and denied in part.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(d), a prevailing party may recover costs other than attorney's fees unless otherwise disallowed by a statute, other rule or court order. Costs that are generally recoverable may include: fees of the clerk and marshal; fees for printed or electronically recorded transcripts necessarily obtained for use in the case; fees and disbursements for printing and witnesses; fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; docket fees; and

compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. In analyzing a bill of costs, there "is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." Beamon v. Marshall & Ilsley Trust Co., 411 F.3d 854, 864 (7th Cir. 2005). An award of costs requires two inquiries: "(1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." Majeske v. City of Chicago, 218 F.3d 816, 824 (7th Cir. 2000).[1]

## DISCUSSION

### I. Court Reporter Fees

Defendant General Dynamics seeks court reporter fees amounting to $15,162.86. This sum consists of $6,738.55 in transcript fees, $5,146.56 in exhibit copies, $655.49 for a court reporter's appearance, and $2,622.26 for video recording. The last item, video recording, further breaks down to $690.93 for CD-ROM costs and $1,931.63 for the videographer's attendance. Defendant Lockheed Martin seeks its own court reporter fees amounting to $17,620.17. This sum breaks down to $4,984.97 in transcript fees, $5,096.70 in exhibit copies, and $7,538.50 in video recording. The video recording costs are $6,833.50 in CD-ROM costs and $705 for the videographer's attendance.

28 U.S.C. § 1920(2) awards costs for "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." In his Consolidated Objections to defendants' Bill of Costs plaintiff does not object to the transcript fees sought by either

---

[1] The court rejects plaintiff's argument that defendants should not be awarded costs because of his inability to pay. Ability to pay is not ordinarily a determinative consideration in imposing costs. See e.g., Fehribach v. Ernst & Young, LLP, 493 F.3d 905, 912 (7th Cir. 2007).

defendant.  Therefore, defendant General Dynamics is awarded $6,738.55 and defendant Lockheed Martin $4,984.97 in transcript costs.

Plaintiff does object to defendants' claim for costs for exhibit copies, arguing that these costs are inappropriate because plaintiff always provided defense counsel with hard copies of the exhibits at the depositions.  In Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 456 (7th Cir. 1998), the court refused to grant costs for copying exhibits because the defendant was given copies of the exhibits.  Here, because defendants were provided copies of the exhibits during the deposition, the requests for costs for exhibit copies of $5,146.56 and $5,096.70 are denied.

Defendant General Dynamics also seeks $655.49 for the court reporter's attendance.  The 7th Circuit, in Extra Equipamentos E Exportacao Ltda. v. Case Corp., 541 F.3d 719, 727 (7th Cir. 2008), noted that "since the reporter cannot make the transcript without attending the hearing, the separate attendance fee is properly regarded as a component of the fee for the transcript."  Defendant General Dynamics' request for $655.49 is granted.

Finally, plaintiff objects to the video recording fees sought by defendants.  Plaintiff argues that the costs to convert the depositions to a CD-ROM format should be excluded because defendants do not explain the cost or justify its use.  Defendants argue that conversion to CD-ROM format was necessary to preserve the deposition for use at a potential trial.  Plaintiff briefly challenges the $705 videographer fee sought by defendant Lockheed Martin, but does not challenge the corresponding $1,931.63 fee sought by defendant General Dynamics.  As 28 U.S.C. § 1920(2) states, costs may be awarded for "electronically recorded transcripts."  Here, defendants are awarded the costs for the attendance of the videographer, $1,931.63 for defendant General Dynamics and $705 for defendant Lockheed Martin, because these correspond to the

defendants obtaining the deposition. Defendants are not awarded the costs for conversion to CD-ROM, because these were conveniences for defendants' attorneys that were not necessary to the case. Accordingly, defendant General Dynamics is awarded $1,931.63 and defendant Lockheed Martin $705.

In sum, defendant General Dynamics is awarded $9,325.67, and defendant Lockheed Martin is awarded $5,689.97 in court reporter costs.

## II. Exemplification Costs

Defendant General Dynamics submits exemplification costs of $8,046.10, which includes $1,646.66 for document production, $6,007.70 for electronic copies, $173.74 for summary judgment briefing copy costs, and $218.00 in copy costs paid to the clerk of court. Defendant Lockheed Martin seeks exemplification costs of $214,905.06, which includes $43,974.70 for document production, $64,109.68 for electronic copies, $97,447.17 for pre-production copying, and $9,373.51 for a supplemental production of documents.

28 U.S.C. § 1920(4) allows for "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Plaintiff does not challenge defendant General Dynamics' claim for summary judgment briefing costs or copy costs paid to the clerk of court. Therefore, defendant General Dynamics is granted $173.74 and $218.00 for these respective costs.

Plaintiff does challenge the remaining costs requested by both defendants. Specifically, plaintiff argues that the $1,646.66 sought by defendant General Dynamics should not be awarded, arguing that costs for Bates-stamping are not recoverable. Defendant General Dynamics counters that given the complex nature of the litigation, and the volume of documents

exchanged, Bates-stamping was necessary. In Nilssen v. Osram Sylvania, Inc., No. 01 C 3585, 2007 WL 257711, at *6 (N.D. Ill. 2007), the court awarded costs for Bates-stamping, noting the "extensive number of documents" used in the case. Similarly, here, an extensive number of documents were exchanged between the parties. Defendant General Dynamics is awarded $1,646.66.

Plaintiff challenges the $43,974.80 claimed by defendant Lockheed Martin, arguing that defendant did not provide a sufficient explanation of what was copied. Lockheed Martin states that these costs are for documents necessary to the litigation that were copied and produced in response to plaintiff's document requests, which covered approximately 25 years of Greek aircraft orders. Taking into consideration that these costs were incurred by defendant Lockheed Martin because of plaintiff's discovery requests, the $43,974.70 is awarded to defendant Lockheed Martin.

Next, plaintiff challenges the electronic copy costs of $6,007.70 claimed by defendant General Dynamics and $64,109.68 claimed by defendant Lockheed Martin. Plaintiff argues that defendants obtained these electronic copies for their own convenience. Defendants argue that these electronic copies were requested by plaintiff and that electronic discovery costs are appropriate under Fed. R. Civ. P. 54(d). As noted, recently, "it is undisputed that electronic discovery costs are available under Section 1920(4)." LG Electronics U.S.A., Inc. v. Whirlpool Corp., No. 08 C 0242, 2011 WL 5008425 (N.D. Ill. Oct. 20, 2011). The costs incurred here by defendants are reasonable, and were used necessarily in the course of litigation, as they were incurred in responding to plaintiff's production request. Accordingly, $6,007.70 is awarded to defendant General Dynamics and $64,109.68 is awarded to defendant Lockheed Martin.

5

Defendant Lockheed Martin requests $97,447.17 in pre-production copying charges related to documents made available to plaintiff's counsel for viewing. Plaintiff submits a declaration from one of his attorney's that he never requested that the documents be copied. Further, it would have been more convenient for the attorney inspecting the documents to review an original rather than a copy. Defendant Lockheed Martin has not shown that it was necessary for it to make the copies of the documents. Instead, it seems to have been an unnecessary expense. The request for $97,447.17 is denied.

The last remaining element of exemplification costs claimed by defendant Lockheed Martin is $9,373.41 for smaller supplemental productions copied, bates labeled, and produced to plaintiff in hard copy form. These costs are detailed on two invoices from August 5, 2005, and one invoice from August 9, 2005. In plaintiff's analysis of defendant Lockheed Martin's copy costs, he concedes that $5,612.95 is recoverable and challenges the remaining $3,780.46, arguing that neither the costs for Bates-labeling totaling $338.75, nor the $3,421.71 in costs for CD's that were never produced to him should be allowed. As previously noted, the costs for Bates-stamping are awarded; however, because plaintiff never received the CD's that were created during the supplemental production, he should not have to now bear that cost for a benefit he did not receive. Accordingly, defendant Lockheed Martin is awarded $5,951.70 of these costs.

**III. Computer Research**

Defendant General Dynamics seeks computer research fees of $13,780.53, while Defendant Lockheed Martin seeks computer research costs of $7,506.16. 28 U.S.C. § 1920 does not specifically mention computerized research costs. In support of their claim, defendants cite Little v. Mitsubishi Motors N. Am., Inc., 514 F.3d 699, 701 (7th Cir. 2008), a per curiam

decision that found computerized research costs to be recoverable under 28 U.S.C. 1920, but provided no explanation for this determination. In contrast, the 7th Circuit in <u>Haroco, Inc. v. American Nat'l Bank & Trust Co. of Chi.</u>, 38 F.3d 1429, 1440-1441 (7th Cir. 1994), considered computer research costs to be attorney's costs, which cannot be collected under Fed. R. Civ. P. 54(d). While these precedents stand in contrast, courts have viewed the analysis by the <u>Haroco</u> court as providing greater support for declining to award this element of fees. See <u>Rogers v. Baxter Int'l Inc.</u>, No. 04 C 6476, 2011 WL 941188, at *5 (N.D. Ill. Mar. 16, 2011). Accordingly, Defendants are not awarded computer research costs.

## CONCLUSION

For the reasons stated, defendant General Dynamics is awarded costs in the amount of $17,371.47. Defendant Lockheed Martin is awarded costs of $130,726.15.

**ENTER:** May 15, 2012

_____
**Robert W. Gettleman
United States District Judge**